## Colgan's Estate.    Brown's Appeal.

[Marked to be reported.]

*Decedents' estates—Set-off—Claim for services—Evidence.*

At the audit of an executor's account, a claim for boarding and nursing amounting to eight hundred dollars was presented against decedent's estate. It also appeared from the evidence that the claimant had purchased from decedent a farm, giving a judgment for the greater part of the purchase money. The remainder, amounting to eight hundred dollars, was to be paid in cash if decedent ever needed it. During her lifetime decedent never demanded this money, nor had claimant demanded from her any payment of board. *Held*, that decedent's right to demand the payment of the balance of purchase money continued until her death, and was not extinguished by that event, and that the one debt should be applied to the payment of the other.

Argued Feb. 27, 1894. Appeal, No. 161, July T., 1893, by Grace Ann Brown et al., legatees, from decree of O. C. Chester Co., overruling exceptions to auditor's report, distributing estate of Sarah Colgan, deceased.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.    Reversed.

Adjudication of executor's account.

Before the auditor, W. S. Harlan, Esq., Jesse Jackson claimed eight hundred dollars for boarding and nursing decedent. It appeared from the evidence that Jackson had purchased decedent's real estate in her lifetime, the consideration in the deed being twenty-eight hundred dollars. Two thousand dollars were secured by judgment, and the remainder was to be paid in cash "if Sarah Colgan ever needed it." No demand was made in her lifetime. The auditor allowed the claim for nursing, and refused to set off against it the balance alleged to be due on account of the real estate.

Exceptions to auditor's report were overruled, in an opinion, after reciting the facts, as follows, by WADDELL, P. J.:

"Without determining whether it was not the duty of the executor to enforce this demand, if any existed, yet we do not see how, under the facts, the auditor could set it off, or pay the claimant with his own debt, if he had the power to enforce the agreement. If Jesse Jackson was undoubtedly indebted to the estate, this probably might be done. His liability, however, depends upon his agreement made with the decedent. This agreement is not disputed. He was to pay these eight hundred dollars, if Sarah Colgan ever needed them. She was to be the judge of her own necessities, and these necessities were such as would arise in her lifetime. She was to need the money, not those who came after her as legatees. She never demanded it, and it is to be presumed she never needed it. It is only needed now to enable the legacies to be paid. She left estate enough to pay all her debts, but not enough to pay all the legacies. We think the necessity contemplated by the parties to this agreement was personal to Sarah Colgan."

*Errors assigned* were dismissal of exceptions, quoting them.

*W. S. Harris*, for appellant.—The only evidence in the case is of an unexecuted intention to discharge the debt: McGuire v. Adams, 8 Pa. 286.

If Jackson had presented his bill to decedent, the almost irresistible inference is that she would have called upon him for the $800 he owed her. It is at least natural to surmise that he withheld his bill from her, so that she might not think she needed the money he owed her.

If the donor reserves the right to use a part of the fund without designating how much or what part of it, or to use the whole of it if he need so much for his personal comfort or business, then the gift is incomplete, because the donor has not relinquished his dominion over the fund given. So the same would be if several articles were given, and the right reserved to take a part or all of them, or even of a single article: Thornton on Gifts and Advancements, 178, § 203.

In every valid gift a present title must vest in the donee, irrevocable in the ordinary case of a gift inter vivos: Walsh's Ap., 122 Pa. 177.

*Wm. M. Hayes, J. Carroll Hayes* with him, for appellee.— The transaction relating to the farm made a perfect gift, irrev-

·ocable after decedent's death at the instance of legatees under the donor's will: 8 A. & E. Ency. 1321; Thornton on Gifts and Advancements, 77, 127; Hackett v. Moxley, 25 Atl. R. 898; Blanchard v. Sheldon, 43 Vt. 512; Hess v. Brown, 111 Pa. 129.

A right reserved in a deed of gift to designate a beneficiary is valid: Lines v. Lines, 142 Pa. 149. A right to borrow reserved, will not invalidate a gift. Nor a reservation of interest: Doty v. Wilson, 47 N. Y. 580. An executed gift is valid, though a condition be annexed to it, as to certain payments out of the proceeds: Riegel v. Wooley, 81* Pa. 227.

When a gift of real and personal estate is executed or otherwise fixed in the beneficiary, it is beyond the power of the donor, or his representative, to revoke it: Greenfield's Est., 14 Pa. 489.; Cooper v. Burr, 45 Barb. 9.

If the property given is a fund, the fact that the donor retains possession and control of it does not divest an executed gift: Robert's Ap., 85 Pa. 84; Worrall v. Jacob, 3 Meriv. 256; Knye v. Moore, 1 S. & St. 61; Sidmouth v. Sidmouth, 2 Beav. 447; Kiddell v. Farnell, 5 Weekly R. 324; Browne v. Cavendish, 1 J. & LaT. 606; Evans v. Jennings, 6 Weekly R. 616; Langdon v. Allen, 1 W. N. 395; Worth v. Case, 42 N. Y. 362; Thornton on Gifts and Advancements, 181.

Appellant seems to rely upon the case of McGuire v. Adams, 8 Pa. 286, a case decided in 1848, that is at best but meagerly reported, and which the court dismissed with a hasty per curiam opinion, likening. it in principle to an earlier equally brief case (Campbell's Est., 7 Pa. 100) that in no wise can be taken to apply to the facts of our case.

Even if the reservation of our case were construed to be a power of revocation, this would still not affect the validity of the gift if such power of revocation was not exercised during donor's lifetime: Dickerson's Ap., 115 Pa. 210; Lines v. Lines, 142 Pa. 167; 8 A. & E. Ency. L., 1340.

Even should it be decided appellant's contention is with merit, we submit the proper procedure was for the executor to bring suit for the sum claimed.

· OPINION BY MR. JUSTICE GREEN, March 5, 1894.

When the deed for the farm was executed and delivered by

Sarah Colgan to Jesse Jackson for the consideration of $2,800, of which $2,000 was secured, the remaining $800 was a debt due and owing by Jackson to his grantor. It was admitted before the auditor that this sum was to be paid if Sarah Colgan ever needed it. She therefore had the legal right to demand it, and that right continued until the time of her death. She did not demand the money in point of fact but she never surrendered her right to do so, and did nothing to extinguish the debt. The grantee Jackson now claims that Sarah Colgan was indebted to him at the time of her death for eighty weeks boarding and nursing furnished by him, and which he claims was worth ten dollars per week, amounting in all to $800. He never demanded payment of this claim during Sarah Colgan's life, and it can well be understood that she omitted to demand payment of the $800 due her on account of the fact that she was receiving boarding and nursing from him. But it will require some effort to believe that if he had presented his bill during her life she would not thereupon have expressed her need of the $800 which he owed her on the land. However that may be, it cannot be questioned that any one who is in debt has need for the use of money for the extinguishment of the debt. Literally the debt due by Jackson to the decedent was never surrendered or extinguished up to the moment of her death, and we do not understand how the mere fact of the death could produce such extinguishment. At the very moment of her death other persons became vested with her rights, and as to them nothing but the absolute discharge of the debt by her in her lifetime, or its disposition by will, could relieve Jackson from the obligation to pay it. It is not enough to say she did not demand it. She had the right to demand it up to the instant of her death, and that right she never surrendered. It was therefore an asset of her estate. The claim of $800 for boarding and nursing was allowed by the auditor and learned court below, but they refused the set-off of the $800 owing by Jackson to the decedent, because she never demanded its payment. We cannot assent to that conclusion, and therefore hold that the one debt should have been applied to the payment of the other for which it was certainly needed.

The decree of the court below is reversed, and the record is remitted with direction to make distribution in accordance with this opinion at the cost of the appellee.